IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM MORGAN, | ) | CASE NO. 3:14 CV 2567 |
| | ) | |
| Petitioner, | ) | CHIEF JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| CHARLOTTE JENKINS, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

I have on referral[1] William Morgan's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Respondent Charlotte Jenkins has moved to dismiss the petition as untimely filed.[3] Though Morgan has not directly opposed the motion, he has filed a "traverse"[4] in which he maintains that his petition was timely filed under the applicable statute.[5]

---

[1] ECF # 5.

[2] ECF # 10.

[3] ECF # 11.

[4] Morgan filed a traverse even though the Warden has yet to file a return of the writ. Consequently, although Morgan's filing is, therefore, not technically a traverse, but in the nature of a response in opposition to the motion, he nonetheless denominates the filing as a traverse and includes arguments supportive of the merits of his claims. Because the Warden has not yet asserted any arguments as to the merits of the claims or the ability of this Court to consider them in light of state procedural rules, only that portion of Morgan's filing that addresses the issue of timeliness is considered here.

[5] ECF # 14 at 4.

For the reasons that follow, I will recommend that the Warden's motion be granted and that the petition be dismissed as untimely filed.

## Facts

The facts relevant to resolution of the present motion are not extensive or complex.

**A.     Background facts, procedural history**

Morgan is now incarcerated at the Chillicothe Correctional Institution in Chillicothe, Ohio, serving an aggregate term of eight years to life imposed in 1999 by the Marion County Court of Common Pleas after Morgan pled guilty to multiple charges involving sexual conduct with a minor.[6] The trial court entered Morgan's conviction on November 17, 1999, but he did not directly appeal from that conviction.[7]

Instead, as the Warden observes, Morgan took no action for nearly ten years until, on September 2, 2009, he moved, *pro se*, to request records from his case from the trial court.[8] The trial court denied the motion as moot because Morgan had already received the documents requested.[9] Morgan did not appeal from this ruling.[10]

---

[6] ECF # 11 at 2-3 (citing record).

[7] *See*, *id.* at 4.

[8] *Id.*

[9] *Id.*

[10] *Id.*

Once again, Morgan took no actions in his case for over two years, until moving in February, 2012, to obtain a transcript of his plea hearing, together with all supporting documents.[11] After the State responded in opposition, and Morgan replied to that response, the trial court denied the motion on the grounds that Morgan's appellate rights had expired in December, 1999.[7] As before, Morgan did not appeal from this ruling.[8]

Then, following over a year with no activity, Morgan, *pro se*, filed a motion with the trial court on April 12, 2013, to withdraw his guilty plea and to be re-sentenced.[9] After determining that Morgan had inexplicably waited 12 years after his plea before attempting to withdraw the plea, and further finding that during this time Morgan possessed all the information he now asserts in support of the motion to withdraw, the court denied the motion.[10] Morgan appealed and moved for the preparation of a transcript of the plea hearing. But the state appeals court denied the motion because the time for Morgan to appeal as of right had expired and affirmed the decision of the trial court.[11] Morgan appealed those decisions to the Ohio Supreme Court, which declined jurisdiction on October 22, 2014.[12]

---

[11] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.* at 5.

[11] *Id.* at 5-6.

[12] *Id.* at 6-7.

Morgan filed his present petition for habeas relief with this Court on November 12, 2014.[13]

**B.     Warden's motion to dismiss**

The Warden, in the motion to dismiss, notes that Morgan's conviction here became final on December 17, 1999, when the 30-day period for filing an appeal as of right expired.[14] Thus, the Warden argues, Morgan's one-year period for seeking a writ of habeas corpus under federal law began running on December 18, 1999, and ended on December 18, 2000.[15] Further, she contends that because Morgan made no filings in his case during the one-year limitations period, there is no basis for any statutory tolling.[16] In addition, she asserts that Morgan does not qualify for equitable tolling because: (1) no extraordinary circumstances prevented him from pursuing his rights, and (2) Morgan has made no showing of actual innocence.[17]

As to extraordinary circumstances, the Warden notes specifically that even assuming that Morgan had not knowledge of appellate rights at the time because of some ineffectiveness of his counsel, Morgan explicitly stated in his 2009 motion to request documents for appeal that he was then aware of "different avenues" of possible relief,

---

[13] ECF # 10.

[14] ECF # 11 at 8.

[15] *Id.* at 9.

[16] *Id.*

[17] *Id.* at 10-14.

including "appellate, post conviction and others."[18] Yet, as the Warden further notes, despite this 2009 admission on the record that Morgan knew of possible ways to pursue any of his claims, and the state court's finding in that year that he already possessed the documents he sought to take any action, Morgan nevertheless waited until 2013 to file his state court motion to withdraw his plea, and until 2014 to seek federal habeas relief.[19]

**C.    Morgan's response**

As noted, Morgan did not directly file a brief in opposition to the Warden's motion, but rather filed a traverse, which largely seeks to reassert the merits of his claim for relief. His 21-page traverse devotes only a single paragraph to the timeliness issue, stating that the petition is timely because it was filed 23 days after the time for seeking a writ of certiorari expired subsequent to the Ohio Supreme Court's dismissal of his appeal in 2014.[20]

---

[18] *Id.* at 11, quoting record.

[19] *Id.* at 11-12.

[20] ECF # 14 at 4.

## Analysis

**A.     Standard of review**

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[21] a person in custody under a judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[22]

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a "properly filed" application for state postconviction relief or other collateral review. A state application for postconviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules

---

[21] Pub. L. No. 104-132, 110 Stat. 1214.

[22] 28 U.S.C. § 2244(d)(1).

governing filings," such as those prescribing the time limits for filing.[23] State postconviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2).[24]

"The tolling provision does not, however, 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run."[25] Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar.[26]

Moreover, the AEDPA's statute of limitations is subject to equitable tolling,[27] "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control."[28] Equitable tolling is granted "sparingly."[29] A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights

---

[23] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

[24] *See*, *Allen v. Siebert*, 552 U.S. 3, 5-6 (2007) (per curiam); *see also*, *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003).

[25] *Vroman*, 346 F.3d at 602 (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

[26] *Id.*

[27] *See*, *Holland v. Florida*, 560 U.S. 631, 646 (2010).

[28] *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)), cert. denied, 133 S. Ct. 187 (2012).

[29] *Id.* (quoting *Robertson*, 624 F.3d at 784).

diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing."[30] Although the Sixth Circuit previously used a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland v. Florida's* two-part test has replaced the five-factor inquiry as the "governing framework" to apply.[31]

**B.     Application of standard**

As apparent from his traverse, Morgan does not address the Warden's fundamental assertion that his conviction became final in December, 1999, and that his one-year federal habeas limitations period ended in December, 2000. Thus, Morgan does not advance any basis for equitable tolling that might render timely a 2014 petition that is otherwise almost 14 years beyond the time limit.

In the absence of any such argument, the Warden correctly identified December, 1999, as the date when Morgan's conviction became final for purposes of the AEDPA, and December, 2000, as the date when the one-year limitations period expired. Because Morgan took no action to pursue any form of relief during that year, there exists, therefore, no basis for any statutory tolling. Finally, Morgan has offered no basis for equitable tolling and no showing of actual innocence. As the Warden observed, and as I discussed above, Morgan has not diligently pursued any constitutional claims or encountered any extraordinary

---

[30] *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also*, *Pace*, 544 U.S. at 418.

[31] *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling*, 424 F. App'x 439, 442 n.1 (6th Cir. 2011), cert. denied, 132 S. Ct. 456 (2011)).

circumstances. Rather Morgan stated on the record in 2009 that he was aware of multiple avenues for pursuing his claims, and the state court found in that same year that Morgan had possession of the documents he himself said he needed to pursue those claims.

Even giving Morgan every benefit of the doubt, I found no credible explanation on this record for Morgan's failure to take any action to pursue a constitutional claim arising from his plea from 2009 until 2013, when he started the process leading up to this petition by filing the motion in state court to withdraw his plea. Thus, without a reason for such a lengthy delay, Morgan cannot establish a basis for equitable tolling, and his current petition must be judged untimely.

## Conclusion

For the reasons stated above, I recommend the granting of the Warden's motion to dismiss William Morgan's petition for habeas relief as untimely and the dismissal of the petition.[32]

Dated: June 19, 2015                           s/ William H. Baughman, Jr.
                                               United States Magistrate Judge

---

[32] ECF # 10.

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[33]

---

[33] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).